FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 26 2005 ★
BROOKLYN OFFICE

ORIGINAL
D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
KEITH WALLACE,

              Petitioner,

-against-

JAMES CONWAY, Superintendent,

              Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-4009 (FB)

*Appearances:*
*For the Petitioner:*
KEITH WALLACE, *Pro Se*
01-A-3093
Attica Correctional Facility, Box 149
Attica, NY 14011-0149

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney for Kings County
BY:   JOSEPH HUTTLER, ESQ.
        Assistant District Attorney
350 Jay Street
Brooklyn, New York 11201-2908

**BLOCK, District Judge:**

    *Pro se* petitioner, Keith Wallace ("Wallace"), seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his April 26, 2001 convictions in New York Supreme Court, Kings County, for Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree. Wallace presents the following two claims: (1) that the evidence at trial was legally insufficient to support his convictions; and (2) that the jury's verdict was against the weight of the evidence. These claims were presented to the Second Department, which rejected the first as being both unpreserved and without merit, and the second as being without merit, *see People v. Wallace*, 766 N.Y.S.2d 850, 851 (2d Dept. 2001), and became fully exhausted when Wallace's application for leave to appeal to the New

1

York Court of Appeals was denied. *See People v. Wallace*, 1 N.Y.3d 582 (2003). For the reasons set forth below, his petition is denied.

I.

Only federal issues may be raised on *habeas* review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a federal claim has been "adjudicated on the merits" by a state court, the state court's decision is entitled to substantial deference. *See* 28 U.S.C. § 2254(d). For such claims, *habeas* relief may not be granted unless the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it unreasonably applies Supreme Court precedent to the particular facts of a case. *See id.* at 409. This inquiry requires a court to "ask whether the state court's application of clearly established federal law was objectively unreasonable," not whether the application was erroneous or incorrect. *Id.* In that respect, the standard to be applied "falls somewhere between merely erroneous

2

and unreasonable to all reasonable jurists." *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000) (citations and quotations omitted). However, "the increment [of incorrectness beyond error] need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) (citations and quotations omitted).

## A. Sufficiency of the Evidence

Wallace claims that the evidence was legally insufficient to support the identity element of his convictions. The Second Department held this claim to be "unpreserved for appellate review since he did not present this argument in his motion to dismiss at trial[.]" *Wallace*, 766 N.Y.S.2d at 851. In support of this holding, it cited New York C.P.L. § 470.05(2), which preserves for appellate review only those questions of law as to which "a protest . . . was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." *See also People v. Norman*, 85 N.Y.2d 609, 311 (1995) (concluding that under New York C.P.L. § 470.05(2), review of a claim that an essential element of the crime had not been proved was unpreserved because it was not raised in defendant's motion to dismiss). The Court's review of the record confirms that Wallace did not raise this claim in his motion to dismiss.

It is well established that New York C.P.L. § 470.05(2) is an adequate and independent state procedural rule. *See, e.g., Bossett v. Walker*, 41 F.3d 825, 829 n. 2 (2d Cir.1994). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review

3

of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Wallace offers no justification for his default; nor does he articulate how he was prejudiced. Accordingly, this claim is procedurally barred.

Even if the claim were not procedurally barred, it would fail on the merits. As noted, in addition to rejecting Wallace's claim as unpreserved, the Second Department rejected it on the merits, concluding that, "[i]n any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's identity . . . beyond a reasonable doubt." *Wallace*, 766 N.Y.S.2d at 851. This determination is entitled to AEDPA deference. *See Cotto v. Herbert*, 331 F.3d 217, 229-30 (2d Cir. 2003) (applying AEDPA deference to the state court's merits determination where the state court rejected claim on the merits and as unpreserved).

Under clearly established Supreme Court precedent, a conviction is supported by sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A *habeas* petitioner challenging the sufficiency of the evidence supporting his conviction "bears a very heavy burden." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002). He must show that the verdict was so clearly against the weight of the evidence that "'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Einaugler v. Supreme Court of the State of New York*, 109 F.3d 836, 839 (2d Cir. 1997) (quoting *Jackson*, 443 U.S. at 324). This standard recognizes the jury's responsibility "to resolve conflicts in the

testimony, to weigh the evidence, and to draw reasonable inferences from [the] facts," and presumes that the jury has resolved such issues in favor of the prosecution. *See Jackson*, 443 U.S. at 319.

When considering the sufficiency of the evidence of a state conviction, "[a] federal court must look to state law to determine the elements of the crime." *Ponnapula*, 297 F.3d at 179. With respect to identity, as the New York Court of Appeals has explained, "the identity of defendant as the person who had committed the crime" is an element that "must be established by the People beyond a reasonable doubt." *People v. Warren*, 76 N.Y.2d 773, 775 (1990).

The Second Department's holding – that the evidence was legally sufficient to establish beyond a reasonable doubt Wallace's identity as the person who committed the crimes – was neither an unreasonable application of clearly established Supreme Court precedent nor based on an unreasonable determination of the facts in light of the evidence presented. Moreover, having reviewed the evidence in the light most favorable to the prosecution, the Court concludes that the evidence was more than sufficient to support Wallace's convictions.

## B. Weight of the Evidence

Wallace claims that the verdict was against the weight of the evidence. Unlike an attack on a verdict based on the legal sufficiency of the evidence, a claim that a verdict was against the weight of the evidence does not implicate any federal right. *See Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001). Accordingly, such a claim is not cognizable on *habeas* review. *See id.; Henry v. Scully*, 918 F. Supp. 693, 708 (S.D.N.Y. 1995),

5

*aff'd*, 78 F.3d 51 (2nd Cir.1996).

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Wallace has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

                                                s/Frederic Block
                                                FREDERIC BLOCK
                                                United States District Judge

Brooklyn, New York
April 25, 2005